IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| OSF Healthcare System, d/b/a OSF Healthcare Saint Anthony Medical Center, *as appointed personal representative of Sandra J. Harmon*, Plaintiff, | |
| | Case No. 3:21-cv-50029 |
| v. | Honorable Iain D. Johnston |
| SEIU Healthcare IL Personal Assistants Health Plan and Board of Trustees of the SEIU Healthcare IL Personal Assistants Health Plan, Defendants. | Magistrate Judge Margaret J. Schneider |

## MEMORANDUM OPINION AND ORDER

OSF Healthcare Saint Anthony Medical Center ("OSF"), a medical provider, acting on behalf of its patient Sandra Harmon, brings suit against SEIU Healthcare IL Personal Assistants Health Plan and its Board of Trustees ("the Plan" or "Plan") to enforce Ms. Harmon's rights under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1332. Defendants brought a Rule 12 motion to dismiss because as a medical provider, Plaintiff is neither a "participant" nor "beneficiary" as defined by ERISA and therefore has no standing to bring such a claim. Dkt. 33.

### BACKGROUND[1]

OSF rendered medical services to Ms. Harmon in February 2018. Although OSF was considered out-of-network under the SEIU Plan, Ms. Harmon was referred to OSF by her in-network provider, SwedishAmerican, because SwedishAmerican did not offer the treatment she required. Ms. Harmon allegedly understood that, through the referral process, her treatment at OSF would be treated as in-network by the Plan. After Ms. Harmon was treated at OSF, OSF submitted a claim to the Plan for $78,448.60. The Plan initially paid $9,847.14 of that claim. In September 2018, the Plan made no further payments to OSF and its Explanation of Benefits (Provider Copy, sent to OSF) stated: "services not provided by network/primary care providers." *See* Ex. H. The remaining balance due was $68,601.43. Over one year later, in October 2019, after Ms. Harmon submitted her referral, the Plan reprocessed the claim and rendered partial payment to OSF. The Plan sent Ms. Harmon an Explanation of Benefits indicating "this is an adjustment claim" and referencing the initial claim processed in September 2018. *See* Ex. F. Ms. Harmon filed an appeal with the Plan in November 2019, which was denied as being untimely. In August 2020, OSF, allegedly as the appointed personal representative of the participant, requested a full copy of the administrative record from the Plan for Ms. Harmon's claim. When those documents were not received within thirty days, OSF brought the present action against the Plan and the Board of Trustees of the Plan, alleging violations of ERISA pursuant to 29 U.S.C. §

---

[1] The Court draws these facts from the Complaint (Dkt. 1), and as supplemented, from Plaintiff's Response in Opposition to the Motion tso Dismiss (Dkt. 40).

1132(a)(1)(B) and § 1132(c)(1)(B). Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

DISCUSSION

The Plan argues that OSF does not have standing to sue on behalf of Ms. Harmon. Dkt. 34, at 5-9. OSF argues that the Plan's argument "is based on a purported technicality as to how the case is captioned." Dkt. 40, at 1, 7-15. The Plan argues that participant rights are not assignable under the Plan, and therefore OSF cannot bring suit on a Plan participant's behalf. Dkt. 41, at 2-8. Rule 17(a) requires that actions are prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17(a); *Illinois v. Life of Mid-America Ins. Co.*, 805 F.2d 763, 764 (7th Cir. 1986). Rule 17(a)(1) provides a list of entities that "may sue in their own names without joining the person for whose benefit the action is brought," and this list does not include an "authorized representative." *See* Fed. R. Civ. P. 17(a)(1)(A)-(G). Ms. Harmon, as the Plan participant, possesses the right to sue. OSF does not and cannot. *See Mid-America Ins. Co.*, 805 F.2d at 767 ("the allowance of such a suit would result in double recovery because the individuals who had been harmed could also have recovered for injuries to their business or property"). The only way that OSF could sue the Plan under these circumstances would be if Ms. Harmon had assigned her rights to OSF—something the Plan specifically prohibits her from doing. *See* Dkt. 40, at 8.

OSF's argument that neither ERISA nor the Plan documents "prohibit an appointed personal representative to file suit on behalf of a participant" is inapposite. Dkty. 40, at 7. Simply because it is not prohibited does not mean it is allowed. Although an authorized representative may be permitted to act on behalf of a participant in an ERISA-governed plan pursuant to 29 C.F.R. § 2560.503-1(b)(4), it appears that the authorized representative would not have the authority to initiate judicial proceedings on the participant's behalf without running afoul of Rule 17(a). So, OSF's argument that it was Ms. Harmon's authorized representative does not resolve this issue. The Court is perplexed by OSF's purported representation of Ms. Harmon, someone who has an outstanding debt to OSF—and someone who OSF allegedly sued to recover that debt. Dkt. 55, at 6.

The Plan's argument that OSF failed to exhaust administrative remedies is inappropriate here. "[F]ailure to exhaust is an affirmative defense and thus a Rule 12(b)(6) motion—which tests the adequacy of the allegations to state a valid claim—is inapt, because plaintiffs need not plead around affirmative defenses in a complaint." *Surgit v. City of Chicago*, No. 19-cv-07630, 2021 U.S. Dist. LEXIS 60046, *2-3 (N.D. Ill. Mar. 29, 2021) ("the proper vehicle to assert lack of exhaustion (if it is to be considered at the pleading stage) is a Rule 12(c) motion for judgment on the pleadings"). Therefore, the motion to dismiss for failure to exhaust is denied.

Rule 17(a)(3) provides that the "court may not dismiss an action [under 17(a)(1)] until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). Here, the Court construes the Plan's motion to dismiss as an objection for the purposes of Rule 17(a)(3). OSF shall provide Ms. Harmon a copy of this Order by January 3, 2022 and file a certificate of service with the Court. If Ms. Harmon does not ratify or join the action through a filing with the Court, or is not substituted

as the real party in interest by February 1, 2022, the Court will grant the Plan's motion to dismiss [33] with prejudice.

Date: December 27, 2021  By: _____
                              IAIN D. JOHNSTON
                              United States District Judge