IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| OSF HEALTHCARE SYSTEM, d/b/a OSF HEALTHCARE SAINT ANTHONY MEDICAL CENTER, as appointed/authorized personal representative of SANDRA J. HARMON,<br><br>Plaintiff,<br><br>v.<br><br>SEIU HEALTHCARE IL PERSONAL ASSISTANTS HEALTH PLAN and BOARD OF TRUSTEES OF THE SEIU HEALTHCARE IL PERSONAL ASSISTANTS HEALTH PLAN,<br><br>Defendants. | Case No. 3:21-cv-50029<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

"[W]hat cannot be done directly cannot be done indirectly . . . ." *Denezpi v. United States*, 142 S. Ct. 1838, 1854 (2022).

\* \* \*

OSF Healthcare Saint Anthony Medical Center (OSF), a medical provider, acting on behalf of its patient Sandra Harmon, brings suit against SEIU Healthcare IL Personal Assistants Health Plan and its Board of Trustees (the Plan), to enforce Ms. Harmon's rights under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132. The Defendants bring this motion to dismiss [91] under Rule 12(b)(1) and 12(b)(6). They argue that OSF does not have standing to sue under ERISA

1

because it is neither a "participant" nor "beneficiary" as defined by the statute. For the following reasons, the Defendants' motion to dismiss is granted with prejudice.

## I. BACKGROUND[1]

The Court has sympathy for Ms. Harmon's plight. Ms. Harmon sought medical attention from an in-network provider under her health plan, SwedishAmerican Hospital. But SwedishAmerican did not offer the treatment she needed, and so in February 2018, it referred her to OSF, an out-of-network provider. Ms. Harmon believed that because she was referred to OSF, her treatment would be covered by the Plan equivalent as if she obtained it from an in-network provider. OSF treated Ms. Harmon and submitted a claim for $78,448.60. The Plan refused to cover the entirety of the claim and only made a payment for $9,847.14, leaving a balance due to OSF of $68,601.43. Ms. Harmon filed an appeal with the Plan in November 2019, which was denied. According to Ms. Harmon, because she could not afford an attorney, she enlisted the help of OSF and appointed it as her personal representative so that it could sue the Plan for the remaining balance of her medical bill. Dkt. 59. ¶16. OSF then brought this suit and Ms. Harmon ratified the case in its entirety. Dkt. 59. ¶ 22. OSF requested copies of the administrative record for Ms. Harmon's claim from the Plan, but it was not until over a year later, and only after a Court order [48], that the Plan complied.

---

[1] The Court draws these allegations from the Second Amended Complaint (Dkt. 89), and as supplemented by OSF's Memorandum in support of its objection to Defendants' motion to dismiss OSF's amended complaint (Dkt. 84).

2

The Plan previously filed a Rule 12 motion to dismiss [80] OSF's amended complaint [77]. The Court did not rule on that motion, and instead ordered OSF to show why its theory of representative standing should prevail and whether ERISA authorizes representatives to invoke Article III standing of plan beneficiaries or participants. [86]. Instead of responding to the Court's rule to show cause, OSF filed a second amended complaint, purporting to articulate its theory of representative standing for Ms. Harmon. [89]. OSF alleges violations of ERISA under 29 U.S.C. § 1132 (a)(1)(B) for benefits owed in the amount of $68,601.43, and a violation of § 1132 (c)(1)(B) seeking statutory penalties for the delay in producing Ms. Harmon's administrative record. Defendants now file this motion to dismiss under Rule 12(b)(1) and 12(b)(6). [91].

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b) challenges the sufficiency of the plaintiff's complaint. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014). Under Rule 8, a plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a complaint to be plausible, the plaintiff's factual allegations—as opposed to any legal conclusions—must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true all of the plaintiff's well-pleaded factual allegations and views them—and all reasonable inferences—in the light most favorable to the plaintiff. *Landmark Am. Ins. Co. v. Deerfield Constr. Inc.*, 933

F.3d 806, 809 (7th Cir. 2019). Additionally, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 587 (7th Cir. 2009). A plaintiff must show through his allegations that it is plausible rather than merely speculative that he entitled to relief. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). The moving party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Gunn v. Cont'l Cas. Co.*¸968 F.3d 802, 806 (7th Cir. 2020).

A motion to dismiss under Rule 12 (b)(1) "tests whether the court has subject matter jurisdiction." *Johnson v. Illinois*, 2021 U.S. Dist. LEXIS 179674, at *3 (N.D. Ill. Sept. 21, 2021). When presented with both a Rule 12(b)(1) motion to dismiss for lack of jurisdiction along with a Rule 12(b)(6) motion, the Court should address the jurisdictional question first, as it is a threshold question. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). As the party invoking federal jurisdiction, OSF bears the burden to establish that the Court has subject matter jurisdiction over its complaint. *See Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). If the Court concludes that it lacks subject-matter jurisdiction over a claim, it must dismiss the claim in its entirety. *Arbaugh v. Y & H Corp.*¸ 546 U.S. 500, 514 (2006).

## III. ANALYSIS

In Count I, under 29 U.S.C. § 1132(a)(1)(B), OSF seeks recovery of benefits in the amount of $68,601.43 from the Plan for services it rendered to Ms. Harmon. OSF contends that the Plan's refusal to process and pay the balance of the claim

4

"was erroneous as well as arbitrary and capricious." SAC ¶ 29. Count II alleges a violation of § 1132(c)(1)(B), which requires a plan administrator to provide a participant or beneficiary a copy of plan documents within 30 days of request.

The Defendants argue that because OSF is an authorized representative it does not have standing to sue under ERISA to recover plan benefits or to seek statutory penalties for "participants or beneficiaries" of employee benefit plans, and that it cannot sue on behalf of Ms. Harmon because an ERISA plan cannot confer standing to a third party. The Defendants also argue that the plan contains an anti-assignment provision that explicitly prohibits lawsuits by a third party attempting to enforce the rights of a plan participant.

The ERISA statute limits persons who can bring a civil action to "participants," "beneficiaries," and "fiduciaries." 29 U.S.C. § 1132(a). The Defendants argue that the amended complaint fails to state a claim because OSF does not fall within the categories of authorized plaintiffs identified in § 1132(a), and therefore it cannot sue the Defendants under the plan.  Simply put, the Defendants argue OSF is not a "participant", "beneficiary", or "fiduciary".  But OSF maintains that it is merely standing in the shoes of Ms. Harmon because she appointed OSF to act on her behalf as an authorized representative as permitted by the plan agreement (Dkt. 89-5, SAC Exh. E). OSF further argues that because Ms. Harmon's standing to sue as a participant under the plan and ERISA is undisputed, OSF is entitled to invoke her standing as her representative.

5

Although courts are cautioned against "an unduly cramped reading" of the provisions limiting actions brought by participants and beneficiaries, the Seventh Circuit has also explained that "Congress is no less able to utilize the English language than the courts," therefore if Congress intended to allow an authorized representative to bring suit under ERISA, it would have done so in the ERISA statute. *See Sladek v. Bell Systems Management Pension Plan*, 880 F.2d 972, 976–78 (7th Cir. 1989). In fact, in the regulations governing ERISA, 29 C.F.R. § 2560.503-1(b)(4) expressly allows authorized representatives like OSF to file *internal* claims and appeals but, importantly, does not confer standing to authorized representatives to pursue civil actions against a plan. *Advanced Physical Med. of Yorkville, Ltd. v. SEIU Healthcare II Home CARE*, No. 22 C 2976, 2023 U.S. Dist. LEXIS 29670 *8 (N.D. Ill. Feb. 22, 2023); *AllianceMed LLC v. Aetna Life Ins. Co.*, No. CV-16-02435-PHX-JAT, 2017 U.S. Dist. LEXIS 12387 *7 (D. Ariz. Jan. 30, 2017). Further demonstrating its intent, in 29 U.S.C. § 1132(a)(1)(B), Congress explicitly limited civil actions to participants or beneficiaries. Additionally, "an authorized representative is merely someone authorized to vindicate another's right to benefits, and representing an ERISA beneficiary does not make a provider an ERISA beneficiary itself entitled to sue." *Advanced Physical Med. of Yorkville, Ltd. v. Cigna Health & Life Ins. Co.*, No. 22-cv-02991, 2023 U.S. Dist. LEXIS 50341 *7 (N.D. Ill. Mar. 23, 2023) (internal citations and quotations omitted).[2] OSF provides

---

[2] Under *Griffin v. Teamcare*, 909 F.3d 842 (7th Cir. 2018), an assignee may have standing to sue under ERISA as a beneficiary. But OSF expressly states that it is not brining an action on its own behalf, rather as a representative for Ms. Harmon.

6

no citation to authority for its position that ERISA allows an authorized representative to file suit on behalf of a participant or beneficiary, and therefore fails to meet its burden of establishing that the Court has jurisdiction over its claims. *Transit Express, Inc*, 246 F.3d at 1023; *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27 (1983) (ERISA "does not provide anyone other than participants, beneficiaries, or fiduciaries of an ERISA-covered plan with an express cause of action . . ."). OSF has filed suit under ERISA, so its lawsuit must be permissible under ERISA, and simply because it is not prohibited, does not mean it is allowed.

Even if OSF had standing under ERISA, OSF has not plausibly alleged that it is permitted to bring a civil action under the plan's language. The Defendants argue that the unambiguous anti-assignment clause in the plan explicitly prevents OSF from bringing suit. The plan's anti-assignment clause is clear:

> You cannot assign your rights as a Plan Participant to a provider or other third party or in any way alienate your claim for benefits. Any attempt to assign those rights or in any way alienate a claim for benefits will be void and will not be recognized by the Fund for that purpose … the Fund will NOT allow you to assign your provider any rights as a Participant in the Plan, including, but not limited to, the right to appeal a claim denial or the right to receive documentation concerning claims.

SAC, Dkt. 89-2, § 9.3 – Assignment of Your Benefits.

Ms. Harmon is the participant here, and the Defendants argue OSF cannot stand in her shoes for standing purposes because of the enforceable anti-assignment clause in § 9.3. *Advanced Physical Med. of Yorkville, Ltd. v. SEIU Healthcare II Home CARE*, 2023 U.S. Dist. LEXIS 29670 *8. But OSF argues that the anti-assignment clause is inapplicable to it, because Ms. Harmon appointed OSF as her authorized representative and did not assign her rights to it, so OSF brings this suit in a representational capacity, not as an assignee. But the plan's authorized representatives provision—albeit somewhat ambiguous—is not so expansive:

> An authorized representative, such as your spouse, may complete the claim form for you if you are unable and may act on your behalf. You may obtain a form from the Fund Office to designate an authorized representative. The Fund may request additional information to verify that this person is authorized to act on your behalf.

SAC, Dkt. 89-2, 9.5 – Authorized Representatives.

OSF argues, and the Defendants admit, that the language of § 9.5 is ambiguous and does not explicitly state which actions an authorized representative can or cannot take on behalf of a participant. MTD, Dkt. 92 at 6. So OSF interprets the ambiguity to mean that under § 9.5, it is permitted to bring suit on behalf of Ms. Harmon. The Defendants argue that OSF's generous interpretation of § 9.5 cannot stand because it would render the unambiguous anti-assignment clause meaningless, and this section must be read with full context of the plan, not in isolation. This argument finds support in black-letter law that contract terms are

8

not read in isolation but, instead, a contract is interpreted as a whole. *Quality Oil, Inc. v. Kelley Partners, Inc.*, 657 F.3d 609, 613 (7th Cir. 2011); *Bestfoods v. General Warehouse & Transp. Co.*, Case No. 99 C 8118, 200 U.S. Dist. LEXIS 13623, at *10 (N.D. Ill. Sept. 12, 2000) ("Contract terms are not read in isolation rather they are construed in light of the contract as a whole, giving effect to all contractual provisions."). But OSF asserts without support that appointment is not the same as an assignment. Nevertheless, the court agrees with the Defendants that the anti-assignment clause explicitly limits alienation, in any way, of a Plan Participants' rights or benefits. Permitting OSF to contract around the plan's valid anti-assignment clause under the guise of representative standing would render the clause meaningless and "ERISA instructs courts to enforce the terms of an ERISA plan strictly." *Griffin v. Seven Corners, Inc.*, No. 21-2332, 2021 U.S. App. LEXIS 38107 at * 4 (7th Cir. Dec. 22, 2021); *see Kennedy v. Conn. Gen. Life Ins. Co.*, 924 F.2d 698, 700–01 (7th Cir. 1991); *DeBartolo v. Blue Cross/Blue Shield of Ill.*, No. 01 C 5940, 2001 U.S. Dist. LEXIS 18363, at *5 (N.D. Ill. Nov. 9, 2001) ("An assignment is not valid and enforceable if the plan contains an anti-assignment provision); *Univ. Wis. Hosps. & Clinics Auth. v. Aetna Health & Life Ins. Co.*, 144 F. Supp. 3d 1048, 1052 (W.D. Wis. 2015) ("[O]ther circuits have overwhelmingly held that anti-assignment clauses in ERISA employee welfare benefit plans are enforceable, and therefore medical provider plaintiffs lack standing to pursue payments as "beneficiaries.") (collecting cases).

9

Although § 9.5 is unclear about the limitations of an authorized representative, when reading the entirety of the plan, the plan disallows OSF from suing on behalf of Ms. Harmon and prohibits its attempt to circumvent the anti-assignment clause. *See Schultz v. Aviall, Inc.*, 670 F.3d 834, 838 (7th Cir. 2012) ("The interpretation of language in a plan governed by ERISA is controlled by federal common law… Plan language is given its plain and ordinary meaning, and the plan must be read as a whole, considering separate provisions in light of one another and in the context of the entire agreement.").

## IV. CONCLUSION

For the above reasons, the Defendants' motion to dismiss OSF's complaint is granted. Because OSF was given three opportunities plead plausible claims and failed to do so, the dismissal is with prejudice. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818-19 (7th Cir. 2013) ("The Bank insists that the district judge abused his discretion by dismissing the complaint with prejudice rather than allowing it to try again. But in court, as in baseball, three strikes and you're out."); *Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012) (affirming dismissal with prejudice after the "plaintiffs had three opportunities to identify a relevant market in which the NCAA allegedly committed violations of the Sherman Act"). Civil case terminated.

Date: May 2, 2023

_____
Honorable Iain D. Johnston
United States District Judge